**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **JIBRIL IBRAHIM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 11-1070 (ESH)** |
| ) | |
| **MID-ATLANTIC AIR OF DC, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Jibril Ibrahim has sued Mid-Atlantic Air of DC, LLC ("Mid-Atlantic"), alleging

that it "breach[ed] and alter[ed] employment contracts" by "refusing to pay differential pay

scale" and failing to pay him at the rate required under the Davis-Bacon Act. (Notice of

Removal, Ex. A ["Compl."] at 1, 3-4.) Mid-Atlantic now moves to dismiss under Fed. R. Civ. P.

12(b)(6), arguing that the Davis-Bacon Act does not provide a private right of action to recover

unpaid wages. For the following reasons, the Court will grant the motion to dismiss.

## BACKGROUND

Ibrahim was hired by Mid-Atlantic as a laborer at the Park Vista Apartment Complex and

at the Fort View Apartment Complex in Washington, DC. (Compl. at 2-3.) He alleges that Mid-

Atlantic paid him $12.54 per hour at both construction sites, even though at a previous

construction job he was paid $18.00 an hour, and even though Mid-Atlantic typically pays

plumbers "normal" salaries. (*Id.* at 2.) He alleges that the contractor at Fort View "is Davis-

Bacon," but his complaint does not indicate whether the Park Vista site was also covered by the

Davis-Bacon Act.[1] (*Id.* at 2-3.)

On May 24, 2011, Ibrahim filed a claim for $5,000 in Small Claims Court for the District

of Columbia. (*Id.* at 1.) Ibrahim's Complaint argued that Mid-Atlantic's failure to "pay

differential pay scale" constitutes a "contract breach" entitling him to "differential pay." (*Id.* at

1-2.) Mid-Atlantic removed the case to this Court (Notice of Removal, Ex. B, at 1) and moved

to dismiss Ibrahim's claims on June 9, 2011. (Def.'s Mot. to Dismiss ["Def.'s Mot."] at 1-2.)

## ANALYSIS

### I.      STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face,'" such that a court may "draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell

Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In ruling on a 12(b)(6) motion, a court may

consider facts alleged in the complaint, documents attached to or incorporated in the complaint,

matters of which courts may take judicial notice, and documents appended to a motion to dismiss

whose authenticity is not disputed, if they are referred to in the complaint and integral to a claim.

*U.S. ex rel. Folliard v. CDW Tech. Servs., Inc.*, 722 F. Supp. 2d 20, 24-25 (D.D.C. 2010).

---

[1] The Davis-Bacon Act requires that contracts for "construction, alteration, or repair" in excess of $2,000, to which the federal government or the District Columbia is a party, shall include provisions listing "minimum wages" for "laborers and mechanics" based on "prevailing" wages for "corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the civil subdivision of the State . . . or in the District Columbia if the work is to be performed there," as determined by the Secretary of Labor. 40 U.S.C. §§ 3142(a)-(b).

## II.     IBRAHIM'S CLAIMS UNDER THE DAVIS-BACON ACT

Mid-Atlantic argues that Ibrahim cannot sue for unpaid wages under the Davis-Bacon

Act, 40 U.S.C. §§ 3141 *et seq.*, and that he must instead file an administrative complaint with the

Department of Labor.  (Def.'s Mot. at 2-3.)  Ibrahim does not argue that he has a right to sue

under the Davis-Bacon Act.  Rather, he argues that his claims do not arise under the Act because

the jobs he worked on were "contracted with the District of Columbia," rather than the federal

government, that the Act, therefore, does not apply, and that the Court lacks jurisdiction.  (Pl.'s

Opp'n at 4-5.)  Ibrahim fails to note that the Davis-Bacon Act applies to "every contract in

excess of $2,000, to which the Federal Government *or the District of Columbia* is a party, for

construction, alteration, or repair . . . ."  40 U.S.C. § 3142(a) (emphasis added); *see also*

*Morrison-Knudsen Constr. Co. v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of*

*Labor*, 461 U.S. 624, 646 (1983) (Davis-Bacon Act "covers virtually all construction projects to

which the United States or the District of Columbia is a party") (Marshall, J., dissenting).

Moreover, Ibrahim's complaint alleges that the Fort View project was required to comply with

Davis-Bacon (Compl. at 3), and the contract governing his work on the Park Vista complex

explicitly states that the project is governed by the Davis-Bacon Act.[2]  (Def.'s Mot, Ex. B at 1.)

Thus, because Ibrahim's claims arise under one of the "laws . . . of the United States," the Court

has jurisdiction under 28 U.S.C. § 1331.[3]

---

[2] Ibrahim did not attach this contract to his complaint.  However, Ibrahim has not
disputed its authenticity, it is referred to in his complaint and his claim for breach of contract
necessarily rests on it. (Compl. at 1.)  Therefore, the Court may consider the exhibit without
converting this motion to dismiss into a motion for summary judgment.  *KBI Transp. Servs. v.
Med. Transp. Mgmt., Inc.*, 679 F. Supp. 2d 104, 108 n.4 (D.D.C. 2010).

[3] For this reason, Ibrahim's argument that D.C. law applies because the projects he
worked on were "contracted with the District of Columbia, and the D.C. Courts are repositories
of their own laws" (Pl.'s Opp'n at 5) is equally unavailing.

Plaintiff cannot bring his claims under the Act in this Court. The "majority of courts that have addressed the issue" have concluded that no private right of action exists under 40 U.S.C. § 1342, the section of the Davis-Bacon Act at issue here. *U.S. ex rel. Bradbury v. TLT Constr. Corp.*, 138 F. Supp. 2d 237, 240 (D.R.I. 2001) (collecting cases); *see also Grochowski v. Phoenix Constr.*, 318 F.3d 80, 85 (2d Cir. 2003) ("Although the Supreme Court has not considered whether the [Davis-Bacon Act] confers a private right of action on an aggrieved employee for back wages, the great weight of authority indicates that it does not.") Although case law in this Circuit also suggests that no private right of action exists, *see Kenney v. Roland Parson Contracting Corp.*, 790 F. Supp. 12, 16 n.3 (D.D.C. 1992), *rev'd on other grounds*, 28 F.3d 1254 (D.C. Cir. 1994), the Court need not decide the issue because Ibrahim conceded it by failing to contest Mid-Atlantic's argument that he may not sue under the Davis-Bacon Act. *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (concluding that the court may treat as conceded any arguments raised in a dispositive motion that the plaintiff fails to address in his opposition).

Moreover, Ibrahim cannot evade the requirement that he seek administrative relief simply by arguing that his claims arise under D.C. law. He does not allege that Mid-Atlantic contracted to pay him eighteen dollars an hour or that he entered into any special contractual arrangement prior to beginning work, and he provides no explanation or justification under D.C. law for his claims. Indeed, his complaint makes clear that the "pay scale" to which he believes he is entitled is mandated by the Davis-Bacon Act. (Compl. at 2-3 ("pay scale is higher at this work [s]ite because the contractor is Davis-Bacon").) Even if Ibrahim had stated a claim under D.C. contract law, it would likely be foreclosed by the Davis-Bacon Act. As the Second Circuit wrote, in a similar case,

4

> At bottom, [his] state-law claims are indirect attempts at privately enforcing the prevailing wage schedules contained in the [Davis-Bacon Act]. To allow a third-party private contract action aimed at enforcing those wage schedules would be inconsistent with the underlying purpose of the legislative scheme and would interfere with the implementation of that scheme to the same extent as would a cause of action directly under the statute.

*Grochowski*, 318 F.3d at 86 (internal quotation marks omitted). Ibrahim conceded that "no private right of action exists under the relevant statute." *Id.* Thus, because his attempt to bring his claim under some unidentified state law is "clearly an impermissible 'end run' around" the Davis-Bacon Act,[4] his complaint must be dismissed. *Id.*

## III.  AMENDING THE COMPLAINT

At the end of his opposition brief, Ibrahim states that, if necessary, he "reserves the right to amend the complaint to cure defective jurisdictional amount and pleadings – so he may come within the jurisdiction of the Court for RICO Act violations, conspiracy (18 U.S.C. §§ 1961 *et seq.*) and Labor Law violations . . . ." (Pl.'s Opp'n at 5.) Whatever the merits of these claims, the Circuit has clearly stated that "a brief request for leave to amend if the District Court were to dismiss," contained in an opposition to a motion to dismiss, does not constitute a motion for leave to amend. *City of Harper Woods Emps.' Ret. Sys. v. Olver*, 589 F.3d 1292, 1304 (D.C. Cir. 2009). Therefore, the Court need not honor Ibrahim's "reserv[ation]" of his rights. (Pl.'s Opp'n at 5.)

---

[4] Ibrahim suggests the doctrine of forum non conveniens justifies remanding the case. (Pl.'s Opp'n at 4.) However, this doctrine is a "tool" used to "ensure that a trial court neither asserts jurisdiction over a case that lacks a significant connection with the forum, nor applies the law of a state with no interest in the matter," *Saleh v. Titan Corp.*, 580 F.3d 1, 31 (D.C. Cir. 2009) (Garland, J., dissenting), and does not prevent a defendant from removing a case to federal court when the court has jurisdiction under 28 U.S.C. § 1331. Ibrahim's claims arise under the Davis-Bacon Act, all of the relevant acts took place within the District of Columbia, and both parties are domiciled in the District. (*See generally* Compl. at 1, 3-4.) Thus, the Court has jurisdiction over this case and the doctrine of forum non conveniens does not apply.

**CONCLUSION**

For the foregoing reasons, the Court will grant Mid-Atlantic's motion to dismiss. A

separate Order accompanies this Memorandum Opinion.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: August 10, 2011